UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CRISTINA BARBUTO, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:15-cv-13574-IT |
| | * | |
| ADVANTAGE SALES AND | * | |
| MARKETING, LLC and JOANNE | * | |
| MEREDITH VILLARUZ, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

December 4, 2015

I.      Introduction

Plaintiff Cristina Barbuto filed this action in the Superior Court of Suffolk County,

Massachusetts, against Defendants Advantage Sales and Marketing, LLC ("ASM") and Joanne

Meredith Villaruz over alleged employment discrimination and unlawful termination due to

Plaintiff's use of medical marijuana.

ASM removed the matter to this court, asserting diversity jurisdiction.  Notice Removal

[#1].  The Notice of Removal contends that Plaintiff's six state law claims and her prayer for

unspecified damages for lost wages, lost benefits, liquidated damages, attorneys' fees, emotional

distress, reputational harm, and damage to her future career place the amount in controversy

above $75,000.  Notice Removal Ex. 1 (Compl. ¶¶ 46, 52, 57, 65, Prayer for Relief at 2) [#1-1].

Plaintiff moves to remand the matter on the ground that the required amount in controversy of

more than $75,000 is not met.  Pl.'s Mot. Remand [#24].  Plaintiff also moves for costs and fees associated with its motion.  Id.[1]

II.     Motion for Remand

ASM, as the removing party, "has the burden of establishing that the court has subject matter jurisdiction over the case." Amoche v. Guar. Trust Life Ins. Co., 556 F.3d 41, 48 (1st Cir. 2009).  ASM must show to a "reasonable probability" that the amount in controversy exceeds $75,000.  Amoche, 556 F.3d at 50; see also 28 U.S.C. § 1446(c)(2) (where removal is based on diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that the notice of removal may assert the amount of controversy" if the state practice permits recovery of damages in excess of the amount demanded and "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75.000]").

In assessing whether ASM has met its burden, the "determination of the value of the matter in controversy for purposes of federal jurisdiction is a federal question to be decided under federal standards" but the court "must, of course, look to state law to determine the nature and extent of the right to be enforced.'" Stewart v. Tupperware Corp., 356 F.3d 335, 339 (1st Cir 2004)), quoting Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 352–53 (1961).

The court's assessment "may well require analysis of what *both* parties have shown." Amoche, 556 F.3d at 51 (emphasis in the original).  The court must also adhere to its "particular responsibility to police the border of federal jurisdiction."  Spielman v. Genzyme Corp., 251 F.3d 1, 4 (1st Cir. 2001). The "removal statute should be strictly construed against removal."

---

[1] Although this memorandum refers only to ASM, both Defendants oppose Plaintiff's motion. Defs.' Opp'n Pl.'s Mot. Remand.

Rossello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 11 (1st Cir. 2004) (citing Shamrock Oil & Gas

Corp. v. Sheets, 313 U.S. 100, 108 (U.S. 1941)).

      Here, ASM has not shown to a reasonable probability that the amount in controversy

exceeds $75,000.  The only evidence in the record as to Plaintiff's lost wages is an email

attached to Plaintiff's remand motion.  In that email, litigation counsel for ASM asserts that

Plaintiff was "hired to work for a . . . project [of] limited duration."  Mot. Remand Ex. 2.  As part

of that project, Plaintiff was to work "4 weeks (every other week over an 8 week period) 4 days a

week, for 4 hours per shift" and to be paid $20 dollars per hour for a total of $1,280.  Id.

      ASM points to Plaintiff's civil cover sheet which claims total damages of $72,500.  That

form lists "lost wages and compensation" of $50,000.  Plaintiffs' complaint, however, alleges

only that: ASM's recruiter told Plaintiff that she would start off in an entry-level role but would

soon be promoted and that people advance quickly within the company; Plaintiff was sent an

offer letter and accepted the offer; Plaintiff worked one day on an assignment at Stop & Shop to

promote ASM's customers' products; and Plaintiff was terminated after that single date of work.

Notice Removal Ex. 1 (Compl. ¶¶ 9, 11, 28-29).  The complaint includes no allegations of a

contract or implied contract of employment for any duration or any rate of pay, let alone

substantial pay.  Even assuming the allegations should be given evidentiary weight, they do not

show a reasonable probability that the amount in controversy for lost wages is greater than the

$1,280 set forth in the e-mail, let alone anywhere near the $50,000 claimed.

      ASM points to Plaintiff's claim of other forms of monetary relief that she is entitled to,

such as severe emotional distress and reputational and career damages.  Opp'n Pl.'s Mot.

Remand at 3.  As to these damages, the civil cover sheet lists a total of $22,500.  ASM has not

brought forth any evidence showing any different amount in controversy for such damages.

Even accepting the allegations in the complaint that Plaintiff suffered harm to her reputation and emotional distress and the valuation of $22,500 set forth in the civil cover sheet, ASM has not demonstrated to a reasonable probability that the total amount in controversy for these damages and the lost wages approaches $75,000.

ASM also notes that Plaintiff is seeking attorneys' fees.  The court must take into account attorneys' fees when the award of those fees is authorized by statute.  Spielman, 251 F.3d at 7.  Such fees are authorized here, as Massachusetts General Laws chapter 151B, the basis of counts I-III, states that if "the court finds for the petitioner, it shall . . . award the petitioner reasonable attorney's fees and costs unless special circumstances would render such an award unjust." Mass. Gen. Laws ch. 151B § 9.  The First Circuit has not directly addressed whether the court should include in the calculation only attorneys' fees incurred to date or should predict the reasonable fees that may be incurred over the course of the entire matter.  The First Circuit's direction more generally, however, is to determine the amount in controversy "*at the time of removal*," Amoche, 556 F.3d at 51 (emphasis in the original).  Fees that have not yet been incurred cannot be said to be in controversy at the time of removal.  Excluding fees that have not yet been incurred is also consistent with the overall statutory scheme, which excludes "costs" from the amount of controversy, an exclusion justified by legal scholars as "an inappropriate element for inclusion in determining whether the jurisdictional amount requirement has been satisfied since that must be ascertained at the beginning of the case."  § 3712 Interest and Costs, 14AA Fed. Prac. & Proc. Juris. § 3712 (4th ed.).

Nor would the court reach a different result here if anticipated fees are properly included.  ASM asks the court to consider substantial fees that may later be incurred because Plaintiff's "claim under the Medical Marijuana Act is a matter of first impression."  Opp'n Pl.'s Mot.

Remand at 6; <u>see also</u> Notice Removal ¶ 12.  Under this reasoning, all state law claims of first impression between citizens of diverse states could be brought to federal court.  Moreover, the fees here may depend more on the vigorousness of Defendants' litigation posture than any other factor.  Because it is ASM's burden to "sufficiently demonstrate that the amount in controversy exceeds" $75,000, such speculation is simply insufficient.  <u>Amoche</u>, 556 F.3d at 50.

ASM makes two other arguments as to why the amount in controversy threshold is satisfied, neither of which persuade the court.  First, ASM cites to Plaintiff's refusal to stipulate to an amount in controversy below $75,000.  ASM is correct that Plaintiff could have stipulated to an amount in controversy at or below $75,000 before ASM filed for removal in order to avoid removal.  <u>See</u> <u>Standard Fire Ins. v. Knowles</u>, 133 S. Ct. 1345, 1350 (2013).  However, Plaintiff "is not required to enter a stipulation to limit her damages for purposes of supporting her motion to remand."  <u>Chase v. Corning, Inc.</u>, No. 14-cv-392-JD, 2014 WL 5511117, at *4 (D.N.H. Oct. 30, 2014) (remanding a case despite plaintiff's to stipulate to amount in controversy below $75,000 threshold); <u>see also</u> <u>Williams v. Best Buy Co., Inc.</u>, 269 F.3d 1316, 1320 (11th Cir. 2001) (Plaintiff's "refusal to stipulate standing alone does not satisfy [Defendant's] burden of proof on the jurisdictional issue.").  Plaintiff's refusal to sign a stipulation does not amount to an admission that the amount in controversy is over $75,000.  Instead, Plaintiff refused to stipulate because she did not want to "limit [Defendants'] exposure, no matter how remote such exposure is, to $75,000" at an early stage of the litigation.  Notice Removal Ex. 3 at 9.  In light of the public policy permitting successful plaintiffs in Chapter 151B cases to recover reasonable attorneys' fees and the fact that the amount of attorneys' time required to litigate the case is entirely unknown—and may be largely determined by Defendants' litigation positions—the refusal to stipulate to such a limitation cannot be considered any admission that the current

amount in controversy is not below $75,000.00.  Cf. Witasick v. Hambrecht, No. 12-3755

(NLH), 2013 WL 1222680, at *3-4 (D.N.J. Mar. 25, 2013) (denying motion to remand based on

refusal to stipulate because plaintiff made additional representations that the amount in

controversy was greater than $75,000).

Second, ASM asserts that Plaintiff's settlement demand of $72,500, which, ASM argues,

is discounted because it is a pre-litigation demand, indicates that the amount in controversy

exceeds $75,000.  But, as ASM admits, "settlement negotiations are not determinative of the

amount in controversy."  Opp'n Pl.'s Mot. Remand at 8; see also Bates v. Life Care Ctrs. of Am.,

989 F. Supp. 2d 176, 179 (D. Mass. 2013) (settlement negotiations are "interesting jousting at

best" and are not, unless accepted, "at all determinative of a party's burden to prove the

jurisdictional mount at issue with reasonable certainty.").  Even if the court were to agree that

Plaintiff's settlement demand accurately reflects her valuation of her case, the demand was

below the required amount in controversy threshold.  ASM's view that Plaintiff's demand is

discounted is speculation that does not allow ASM to meet its burden to prove that the amount in

controversy exceeds $75,000.

III.    Fees and Costs

Under 28 U.S.C. § 1447(c), an "order remanding the case may require payment of just

costs and any actual expenses, including attorney fees, incurred as a result of the removal."

Expenses should be awarded if the "removing party lacked an objectively reasonable basis for

seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  This standard is

not met here.  Plaintiff set forth damages of $72,500 in her Civil Action Cover Sheet without

including attorneys' fees in that number.  Although this statement is not dispositive of the

amount in controversy, as explained, it gave ASM an objectively reasonable basis to remove.

Accordingly, this court does not award fees and costs.

IV.    Conclusion

For the foregoing reasons, this court ALLOWS Plaintiff's motion to remand.  The case is

REMANDED to the Suffolk County Superior Court.

IT IS SO ORDERED.

December 4, 2015                                          /s/ Indira Talwani
                                                        United States District Judge